FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 SEP 13 PM 3:09
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DARRELL DARNELL ROBINSON, a/k/a Sazi Okera, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV 112-122 |
| THE STATE COURT OF RICHMOND COUNTY, located in Georgia, a republic of the United States of America, and SAM OLENS, The Attorney General of the State of Georgia, | ) ) ) ) ) ) | |
| Respondents.[1,2] | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Darrell Darnell Robinson, currently serving a term of probation, brings the above-captioned petition for a writ of habeas corpus against Respondents under 28 U.S.C.

---

[1] The **CLERK** is **DIRECTED** to modify the docket in conformity with the caption of this Order with respect to Respondent Sam Olens.

[2] Petitioner has named the State Court of Richmond County as a respondent in this case. The only proper respondents in a habeas corpus action, however, when the petitioner is not currently in custody but may be in the future, are the officer who has current custody and the attorney general of the state where the judgment was entered. See Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts. When the petitioner is on probation, the officers having "current custody" are "the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the probation or parole or probation agency, or the state correctional agency, as appropriate." See id., 1976 advisory committee notes. In any event, the Court's determination that the instant petition is subject to dismissal with no need for a response makes it unnecessary for the Court to make any definitive finding regarding who the proper respondents are in this action.

§ 2254. The matter is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[3] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

I.  **BACKGROUND**

According to Petitioner, on August 21, 2012, he was convicted of operating a motor vehicle without a valid driver's license, operating a motor vehicle without valid insurance, operating a motor vehicle with suspended registration, and a giving a false name to a law enforcement officer. (Doc. no. 1, p. 1.) Petitioner was sentenced to 24 hours of confinement and 12 months of probation. (Id.) In response to the question on the petition about whether he appealed from the judgment of conviction, Petitioner checked the box for "No." (Id. at 2.) Petitioner states that he did not exhaust his state remedies for any of his grounds for relief because, "[d]ue to his status as being a[] Certified Ministerial Ambassador on behalf of [his] Native American government . . . the United States Supreme Court has original jurisdiction over the matter pursuant to Article 3 Section 2 of the Constitution for the United States of America and United States Code Title 28 section 1251." (Id. at 5, 8, 10, and 11.)

---

[3]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Petitioner reports that he did file a "[m]otion to arrest the verdict" on August 21, 2012, which was denied on the same date, but he indicates that he did not file any other petitions, applications, or motions concerning his judgment in state court. (Id. at 3-4.) In his motion to arrest the verdict, Petitioner alleges that he raised the ground that "the courts of the State of Georgia lack jurisdiction" over him or his affairs. (Id. at 3.) According to Petitioner, he did not appeal his motion to arrest the verdict to any other state court "due to the original jurisdiction of the matter being with the United States Supreme Court." (Id. at 5.) In response to the question on his petition about whether the grounds for relief raised in the petition have been presented to the highest state court having jurisdiction, Petitioner checked the box for "Yes," though throughout the petition, he only refers to the "[m]otion to arrest the verdict" filed on the date of his conviction, and he had earlier stated that he did not exhaust his state remedies for any of the grounds. (Id. at 5-11, 12.) Petitioner asserts in the instant § 2254 petition that his convictions were improper because the State Court of Richmond County "unlawfully barred [him] from being recognized by the name/appellation Sazi Mutulu Okera," "unlawfully barred [his] authenticated nationality documents," denied his right to speedy trial, and denied him equal protection of the laws. (Id. at 5-11.)

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss

3

habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the

4

state has not opted out of this requirement.[4] Id. However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state, through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In

---

[4]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[5]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.[6]

In the case at bar, Petitioner admits that he has not exhausted his state court remedies for any of his grounds for relief. (Id. at 5, 8, 10, and 11.) The sole action Petitioner took was to file a motion to arrest the verdict on the date of his conviction before the trial court. Thus,

---

[5] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

[6] When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). Petitioner has not presented any exhausted claims in the present petition and, therefore, the stay and abeyance procedure is inapplicable.

Petitioner has not alleged the requisite exhaustion of his available state remedies. See 28 U.S.C. § 2254(c).

Petitioner maintains that he has not appealed to any state court because the Supreme Court of the United States has "original jurisdiction over the matter." (Doc. no. 1, p. 6.) Even assuming that Petitioner's allegation that he is a minister or ambassador is true, his argument that the Supreme Court's possible original jurisdiction over his case excuses his obligation to exhaust his state court remedies is unavailing. Article III, Section 2 of the United States Constitution does provide that "[i]n all Cases affecting Ambassadors, other public Ministers and Consuls . . . the supreme Court shall have original Jurisdiction." U.S. Const. art. III, § 2, cl. 2. Moreover, 28 U.S.C. § 1251 provides that "[t]he Supreme Court shall have original *but not exclusive* jurisdiction of (1) All actions or proceedings to which ambassadors, other public ministers, consuls, or vice consuls of foreign states are parties[.]" 28 U.S.C. § 1251(b) (emphasis added); see also In re B-727 Aircraft Serial No. 21010, 272 F.3d 264, 272 (5th Cir. 2001) (explaining that § 1251, as last revised in 1978, "merely allow[s] for non-exclusive jurisdiction [in the Supreme Court] over actions involving ambassadors, ministers, and consuls of foreign nations"). All Petitioner has shown by citing to these constitutional and statutory provisions is that the Supreme Court might have jurisdiction over a case to which he is a party.

Petitioner has not shown, however, and the Court is not aware, that the state courts of Georgia lack jurisdiction to hear appeals of, or collateral attacks on, his convictions. To the contrary, the Court notes that Georgia law provides that a defendant may raise a lack of

7

personal or subject-matter jurisdiction as rendering his conviction void in a motion to vacate a conviction, and denial of such a motion is directly appealable. Brown v. State, 678 S.E.2d 172, 173 (Ga. Ct. App. 2009) (citations omitted); see also O.C.G.A. § 17-9-4 ("The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it.")

As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Because Petitioner has failed to allege that he exhausted his available state remedies, the instant federal habeas corpus petition should be **DISMISSED** without prejudice.

III. **CONCLUSION**

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, and for the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of September, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

8